```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
THE LAW OFFICES OF Geoffrey T.
Mott, P.C. and GEOFFREY T. MOTT
ESQ.,                                         MEMORANDUM & ORDER
                                              22-CV-07398 (JS)(SIL)
              Plaintiffs,

     -against-

BRENDA HAYDEN, in her official
capacity as Civil Term Clerk of
the District Court of Nassau
County,

              Defendant.
---------------------------------X
APPEARANCES

For Plaintiffs:       Geoffrey T. Mott, Esq.
                      Law Offices of Geoffrey T. Mott. P.C.
                      7600 Jericho Turnpike, Suite 105
                      Woodbury, New York 11797

For Defendant:        Helena Ann Lynch, Esq.
                      N.Y.S. Office of The Attorney General
                      Nassau Regional Office
                      200 Old Country Road, Suite 240
                      Mineola, New York 11501
```

SEYBERT, District Judge:

        Presently before the Court is a Motion for Recusal and Transfer of Venue (hereafter the "Motion"), filed by Plaintiff Geoffrey T. Mott, Esq. ("Plaintiff").[1] (See Motion, ECF No. 10; see also Reply, ECF No. 12.) Plaintiff contends that recusal is

---

[1] While Plaintiff is proceeding pro se in this matter, he is also an attorney; as such, he is not entitled to the special solicitude that the Court would ordinarily extend to a pro se plaintiff. See Azaryev v. City of N.Y., No. 21-CV-3909, 2021 WL 3861773, at *2 (E.D.N.Y. Aug. 27, 2021).

required because the undersigned had a professional working relationship with Defendant Brenda Hayden ("Defendant") more than 30 years ago when presiding in Nassau County District Court. Plaintiff further alleges that the Court should transfer this case to the Court's Brooklyn location due to its "political nature." For the reasons that follow, the Motion is DENIED.

BACKGROUND

I. Case Facts

The Court presumes familiarity with the record and summarizes the facts only as necessary for resolution of the instant Motion. Plaintiff commenced this Section 1983 action against Defendant Brenda Hayden, in her official capacity as the Civil Term Clerk of the District Court of Nassau County. (Compl., ECF No. 1.) Plaintiff alleges that in May and November 2022, Defendant rejected approximately fifteen of his filings[2] based on one or more of the following reasons: (1) the papers were filed in the wrong part of the court because they involved landlord-tenant disputes; (2) the summonses and complaints were premature; and (3) the filings were jurisdictionally defective. (Id. at 2-4.) Plaintiff contends Defendant's rejection of his filings constitutes a violation of the Due Process Clause of the Fourteenth Amendment and New York State rules applicable to civil term clerks.

---

[2] In the Complaint, Plaintiff mentions one additional filing that was initially rejected by Defendant but was later accepted. (Compl. at 4.)

2

II.  <u>The Instant Motion</u>

On May 12, 2023, Plaintiff filed the instant Motion seeking recusal of the undersigned because the undersigned served as a Judge for the Nassau County District Court more than three decades ago at the same time Defendant "was employed as a Court Officer for the Landlord Tenant Section" of same. (Motion at 1.) Plaintiff contends the undersigned's prior working relationship with the Defendant requires recusal under 28 U.S.C. § 455(b)(5)(1) or, alternatively, under § 455(a), because the Court's "impartiality might reasonably be questioned." (Motion at 2.) Plaintiff filed an affidavit in support of his Motion stating that he observed Defendant "serv[ing] alongside" the undersigned "early on in [his] career." (Mott Aff., ECF No. 12, at 1-2.) Plaintiff additionally argues that the Court should transfer this case to the District's Brooklyn location due to the "political nature" of this case and in the "interest of justice." (Motion at 4; Reply at 1.)

Defendant opposes Plaintiff's Motion, arguing: (1) the Motion is procedurally defective because Plaintiff failed to comply with Local Rule 7.1, which requires the filing of a Notice of Motion, and the Court's Individual Rule III(D)(1), which requires Plaintiff to include an index of cases in his Support Memo; (2) the Court's impartiality cannot reasonably be questioned where the Judge is merely professionally acquainted with a party

3

and there is no factual basis for inferring bias or prejudice; and (3) no "relationship" existed between the undersigned and Defendant under 18 U.S.C. § 455(b)(5)(i) because the statute applies only to familial relationships. (Opp'n, ECF No. 11, at 1, 3-4.)

## DISCUSSION

I. Legal Standard

A. Recusal

Section 455 of Title 28 of the U.S. Code requires a Judge to recuse herself in any case where her "impartiality might reasonably be questioned" or where she, her spouse, "or a person within the third degree of relationship to either of them . . . is a party to the proceeding." 28 U.S.C. § 455(a); 455(b)(5)(i). In determining whether recusal is appropriate under the statute, "[t]he appropriate inquiry is whether an objective, disinterested observer fully informed of the underlying facts would entertain significant doubt that justice would be done absent recusal." Riola v. Long Island Cycle & Marine, Inc., 352 F. Supp. 2d 365, 366 (E.D.N.Y. 2005)(citing United States v. Oluwafemi, 833 F. Supp. 885, 890 (E.D.N.Y. 1995) (further citations and quotation marks omitted)); see also ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 107 (2d Cir. 2012). Recusal decisions are to be made within the sound discretion of the judge whose disqualification is

4

sought. In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988) ("The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion.").

On a motion for recusal, the moving party faces a "substantial burden . . . to show that the judge is not impartial." United States v. LaMorte, 940 F. Supp. 572, 576 (S.D.N.Y. 1996), aff'd sub nom. United States v. Moritz, 112 F.3d 506 (2d Cir. 1997). "A judge should not recuse [herself] on unsupported, irrational or highly tenuous speculation, and has as much of an obligation not to recuse [herself] when it is not called for as [s]he is obliged to when it is." Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist., 757 F. Supp. 2d 256, 258 (W.D.N.Y. 2010); see also Zavalidroga v. Cote, 395 F. App'x 737, 739 (2d Cir. 2010) ("[W]e have a duty to our fellow panel members, the Court at large, and the public to not casually recuse ourselves when a party makes general and unsupported allegations about our impartiality.").

B. Venue Transfer

Two sets of rules govern Plaintiff's request for a transfer in this case. First, 28 U.S.C. § 1404 permits a court to transfer a case to any "district or division" where the action might have been brought in the first instance in the "interest of justice." The party seeking transfer bears "the burden to clearly

5

establish that a transfer is appropriate and that the motion should be granted." Longo v. Wal-Mart Stores, Inc., 79 F. Supp. 2d 169, 171 (E.D.N.Y. 1999). In considering a motion to transfer, a court will first consider whether venue is proper in the proposed transferee district, and, if so, the court will then consider whether the transfer will serve the convenience of witnesses and parties and is in the interest of justice. United States v. All Funds on Deposit in Bus. Mkt. Acct., 319 F. Supp. 2d 290, 293 (E.D.N.Y. 2004).

> To make this determination, the court looks to several factors, including: (1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum[,] and (9) the interests of justice.

Id.

Second, the Rules for the Division of Business for the Eastern District of New York ("Division Rules") permit the Court to transfer a civil case assigned to the Central Islip division of the Eastern District New York to the Brooklyn division "in the interests of justice".[3] Division Rule 1(f). Under the Division Rules, such request must be made "within the time allowed to respond to the complaint." Division Rule 1(f)(2).

---

[3] The Local Civil Rules, including the Division Rules, are publicly-available at: https://www.nyed.uscourts.gov/content/rules-division-business.

6

Discussion

I. Procedural Defects in Plaintiff's Motion

It is undisputed that Plaintiff did not comply with Local Rule 7.1 by failing to submit a notice of motion and did not comply with the Court's Individual Rules by failing to submit an index of cases cited in his Support Memo. (Opp'n at 1; Reply at 2-3). As a general matter, district courts have "broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001). In particular, where a party fails to comply with the notice of motion requirement in Local Rule 7.1, courts may overlook such non-compliance if the movant nonetheless submits a memorandum of law which appraises the court and the parties of the nature and basis of the motion. See Fiedler v. Incandela, 222 F. Supp. 3d 141, 155 (E.D.N.Y. 2016). Moreover, courts in this Circuit prefer to resolve motions "on the merits rather than on procedural deficiencies." Anhui Konka Green Lighting Co., LTD. v. Green Logic LED Elec. Supply, Inc., No. 1:18-CV-12255, 2021 WL 621205, at *1 (S.D.N.Y. Feb. 17, 2021).

Here, Plaintiff's noncompliance with the rules was inadvertent and his Support Memo appropriately appraised Defendant and the Court of the nature and basis of his Motion. Further, Plaintiff sought to cure his procedural defects in his Reply. (See Reply at 17-20.) Accordingly, the Court will not deny Plaintiff's

7

motion for failing to comply with Local Rule 7.1 or the Court's Individual Rules; instead it will assess the parties' arguments on the merits.

II. Motion for Recusal

Plaintiff has failed to carry his substantial burden of overcoming the presumption of the Court's impartiality. The Court accordingly finds no basis for recusal under 28 U.S.C. § 455(a) or (b)(5)(i).

First, no objective, disinterested observer, fully informed of the undersigned's relationship — or lack of relationship — with Defendant, could entertain significant doubt that justice would be done absent recusal. See Riola v. Long Island Cycle & Marine, Inc., 352 F. Supp. 2d 365, 366 (E.D.N.Y. 2005). Although the undersigned worked in the same building as Defendant more than 30 years ago, the undersigned has no recollection of the Defendant. Moreover and significantly, the undersigned has no current relationship with the Defendant. Courts in this Circuit have repeatedly held that a judge's collegial or professional relationship to a party alone is insufficient to warrant recusal. See Mitchell v. SUNY Upstate Med. Univ., No. 5:14-CV-0701, 2019 WL 13300450, at *1 (N.D.N.Y. May 7, 2019) (denying motion for recusal where judge was employed by defendant-university a "considerable amount of time" before she was appointed to the bench); Riola, 352

F. Supp. at 367 (denying recusal motion where judge was a former colleague of plaintiff's counsel, noting "[i]f recusal were required simply by virtue of the fact that a judge and an attorney in a case had once been employed in the same office, the administration of justice in this court and elsewhere would be severely hampered"); Bailey v. Broder, No. 94-CV-2394, 1997 WL 73717, at *1 (S.D.N.Y. Feb. 20, 1997)(denying motion for recusal where judge had lunch with an attorney for one of the parties on two occasions and shared cocktails during a Second Circuit judicial conference into the "wee hours of the morning"). Recusal here is thus unwarranted under 18 U.S.C. § 455(a).

Second, since the undersigned has no recollection of working with Defendant, it logically follows that there is no familial relationship between the Defendant and the undersigned. Accordingly, any argument for recusal under 28 U.S.C. § 455(b)(5)(i) must fail. "A person within the third degree of relationship [under 28 U.S.C. § 455(b)(5)(i)] includes only those with a familial relationship, not colleagues." Sibley v. Geraci, 858 F. App'x 415, 416 (2d Cir.), cert. denied, 142 S. Ct. 399 (2021) (internal quotations omitted) (emphasis added). Accordingly, Plaintiff's motion for recusal is denied.

III. <u>Motion to Transfer</u>

Plaintiff moves to transfer this case to the Brooklyn location of the Eastern District of New York. Without citing any law to support his contention, Plaintiff makes the conclusory assertion that this transfer is necessary "in the interest of justice, as the Central Islip Court has strong political and social ties to Nassau County and the Nassau County Judiciary." (Motion at 4.) Indeed, Plaintiff has brought forth no facts indicating what "political and social ties" exist that would warrant a transfer.

Even liberally construing Plaintiff's request as a request to transfer under 28 U.S.C. § 1404 and the Division Rules, Plaintiff fails to meet his burden of "clearly establish[ing] that a transfer is appropriate." <u>Longo v. Wal-Mart Stores, Inc.</u>, 79 F. Supp. 2d 169, 171 (E.D.N.Y. 1999). Rather, the factors clearly weigh in favor of maintaining this action in the assigned forum: the conduct giving rise to the claims occurred in Nassau County; the witnesses and sources of proof are likely within Nassau County; both parties maintain offices in Nassau County; and Plaintiff has alleged no substantive proof that transfer is warranted in the "interest of justice." (Motion at 4; Reply at 1). Accordingly, to the extent Plaintiff seeks transfer under 28 U.S.C. § 1404, his request is denied.

Moreover, to the extent Plaintiff moves for a transfer of this case under the Division Rules, his motion is denied for

10

the same reasons articulated supra, in addition to the fact that the Motion is untimely under Division Rule 1(f)(2).

## CONCLUSION

For the stated reasons, it is hereby ORDERED that Plaintiff's Motion for Recusal and Transfer of Venue (ECF No. 10) is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 8, 2023
       Central Islip, New York