UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
THE LAW OFFICES OF GEOFFREY T. MOTT,
P.C. and GEOFFREY T. MOTT, ESQ.,

                Plaintiffs,

  -against-

BRENDA HAYDEN, *in her official capacity as the Civil Term Clerk for the District Court of Nassau County*,

                Defendant.
----------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
22-cv-07398 (JS)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this civil rights action brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), on referral from the Honorable Joanna Seybert for Report and Recommendation, are: (1) Defendant Brenda Hayden's ("Hayden" or "Defendant") motion to dismiss *pro se* Plaintiffs' The Law Offices of Geoffrey T. Mott, P.C. ("Mott P.C.") and Geoffrey T. Mott, Esq. ("Mott," together, "Plaintiffs")[1] Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), *see* Defendant's Motion to Dismiss ("Defendant's Motion" or "Def. Mot."), Docket Entry ("DE") [13], and (2) Plaintiffs' cross-motion for leave to amend the Complaint pursuant to Rule 15(a), *see* Plaintiffs' Opposition to Defendant's Motion to Dismiss ("Opposition" or "Opp."), DE [15]. By way of

---

[1] Mott, an attorney and the principal of Mott P.C., is listed as counsel of record for both himself and Mott P.C. and is therefore, in effect, respecting himself. *See generally* Docket.

Complaint dated December 6, 2022, Plaintiffs commenced this action pursuant to Section 1983, alleging a single cause of action that Defendant violated Plaintiffs' Fourteenth Amendment right to due process. *See* Complaint ("Compl."), DE [1]. For the reasons set forth below, given that Plaintiffs' claim is barred by both Eleventh Amendment immunity and judicial immunity, the Court respectfully recommends that Defendant's Motion be granted, that Plaintiffs' Complaint be dismissed with prejudice and without leave to amend, and that Plaintiffs' cross-motion be denied.

### I.   BACKGROUND

#### A. Facts

Unless otherwise indicated, the facts set forth herein are taken from the Complaint, as well as documents attached as exhibits, and are accepted as true for purposes of the instant motion.[2]  Plaintiff Mott P.C. is a professional corporation and law firm conducting business in Nassau County, New York. Compl. ¶ 6. Plaintiff Mott is an attorney admitted to the bar of the State of New York and the principal of Mott P.C. *Id.* at ¶ 7. Defendant Hayden is the Civil Term Clerk of the District Court of Nassau County and is named in her official capacity. *Id.* at ¶ 8.

On May 12, 2022, Defendant rejected twelve Non-Payment Petitions (the "Petitions") that Plaintiffs sought to file on behalf of their clients because such petitions were "jurisdictionally defective." *Id.* at ¶ 13. The following day, Plaintiffs

---

[2] Defendant requests that the Court take judicial notice of an email dated December 12, 2022, from counsel for Defendant to Plaintiffs, which was not attached to the Complaint, pursuant to Federal Rule of Evidence 201(b)(2). *See* Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss ("Defendant's Memorandum" or "Def. Mem."), DE [14], at 4. Given the Court's recommendation that Plaintiffs' claim should be dismissed as barred by the Eleventh Amendment and judicial immunity, the Court declines to take judicial notice of this email.

wrote a letter to the Honorable Tricia Ferrell, the Chief Administrative Judge of the District Court of Nassau County ("Judge Ferrell"), regarding this incident. *See id.* at ¶ 14. On May 18, 2022, Judge Ferrell reversed Hayden's decision and permitted Plaintiffs to file the Petitions. *See id.*

In the same court, Plaintiffs attempted to file a summons and complaint on November 10, 2022 in a matter captioned *Edward Friedman v. Maria Korotun* (the "Friedman Complaint"). *Id.* at ¶ 15. Defendant initially rejected the filing because the summons was defective in that no address was provided for the plaintiff. *See id.* Hayden thereafter reversed her decision and accepted the Friedman Complaint for filing. *Id.*

On November 18, 2022, Plaintiffs' paralegal twice went to Defendant's office to attempt to file three summonses and complaints on behalf of Plaintiffs' clients, local landlords seeking to collect rent through the end of that November from their tenants (the "Landlord Complaints"). *See id.* at ¶¶ 9-10. Hayden told the paralegal that the Landlord Complaints could not be filed because any complaint by a landlord against a tenant must be filed in the Landlord Tenant Part. *Id.* at ¶ 11. In addition, Defendant deemed the Landlord Complaints premature because an action to collect rent for November 2022 could not be commenced until after November 30, 2022. *Id.* Hayden provided a written statement rejecting the filings on these grounds. *See id.* at ¶ 11; Ex. A to Compl.

Plaintiffs allege that Defendant's conduct unlawfully denied their clients access to the courts. *See* Compl. at ¶ 12. According to Plaintiffs, Hayden engaged in

3

a "pervasive pattern of targeted retaliation against Plaintiffs" for filing a complaint against Defendant with Judge Ferrell in May 2022. *Id.* at ¶ 16. Moreover, Plaintiffs allege that Hayden did not have the legal authority to reject pleadings for filing based on her own analysis. *See id.* On November 21, 2022, Plaintiffs wrote a second letter to Judge Ferrell regarding Defendant's rejection of the Landlord Complaints. *Id.* at ¶ 17; Ex. B to Compl. At the time of the filing of this action, Plaintiffs had not received a response to this letter. *See* Compl ¶ 17.

In addition, Plaintiffs contend that Hayden's actions violated the Rules of the Chief Administrative Judge, specifically 22 NY CRR § 100.3(4), which states that judges shall require staff and court officials to "perform judicial duties without bias or prejudice against or in favor of any person . . . ." 22 NY CRR § 100.3; *see* Compl. ¶ 21. Moreover, according to Plaintiffs, Defendant's rejection of the filings at issue ran contrary to § 400(1) of the New York Uniform District Court Act,[3] which does not permit Hayden to reject filings "on the basis of her legal opinions." *See id.* at ¶ 22. Based on the allegations above, Plaintiffs assert a single cause of action under Section 1983 for violation of their due process rights.

B. **Procedural History**

As set forth above, Plaintiffs commenced this action against Defendant by way of Complaint dated December 6, 2022. *See* Compl. Plaintiffs seek compensatory and punitive damages, attorney's fees and costs, and a declaration that Hayden violated

---

[3] The statute provides that "the original and a copy of the [summons and complaint] shall be date stamped by the court clerk who shall file the original and maintain a record of the filing . . . . The clerk shall accept the fee and file the papers as soon as reasonably practicable." N.Y. Uniform Dist. Ct. Act § 400(1).

4

the Due Process Clause of the Fourteenth Amendment. *Id.* Following Defendant's application for a premotion conference, Judge Seybert set a briefing schedule on Defendant's motion to dismiss. *See* Electronic Order dated Apr. 27, 2023. Defendant's Motion was filed on June 9, 2023 and fully briefed by July 18, 2023. *See* DEs [13] – [16]. On November 8, 2023, Judge Seybert referred Defendant's Motion to this Court for Report and Recommendation. *See* Order Referring Motion dated Nov. 8, 2023. For the reasons set forth below, given that Plaintiffs' claim is barred by both Eleventh Amendment immunity and judicial immunity, the Court respectfully recommends that Defendant's Motion be granted and that Plaintiffs' Complaint be dismissed with prejudice and without leave to amend.

## II. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(1)

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). To that end, "[d]etermining the existence of subject matter jurisdiction is a threshold inquiry, and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). In deciding a motion to dismiss for lack of subject matter jurisdiction, "a court must accept as true all material factual allegations in the complaint and refrain from drawing inferences in favor of the party contesting jurisdiction." *U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 449 (S.D.N.Y. 2001).

5

## B. Eleventh Amendment Sovereign Immunity

State sovereign immunity recognizes the "residuary and inviolable sovereignty" that states retain under the Constitution. *Alden v. Maine*, 527 U.S. 706, 715 716 17, 119 S. Ct. 2240, 2247, 2248 (1999) (quoting The Federalist Papers No. 39 at 245 (James Madison) and No. 81 at 487-88 (Alexander Hamilton) for a similar proposition, "It is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent" and "is now enjoyed by the government of every State in the Union" (emphasis in *Alden*)). The Second Circuit has recognized two "species" of state sovereign immunity.

Initially, the Eleventh Amendment identifies an immunity of a state's treasury from claims for damages brought by private entities. *Beaulieu v. Vermont*, 807 F.3d 478, 483 (2d Cir. 2015) (citing *Seminole Tribe of Fla v. Florida*, 517 U.S. 44, 54, 116 S. Ct. 1114, 1122 (1996)). This immunity protects a state's "dignity and fiscal integrity from federal judgments" and operates as a limit on the federal courts' Article III powers. *Id.* (citing *Alden*, 527 U.S. at 716-21, 119 S. Ct. at 2248-50; *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 240 (2d Cir. 2006); *In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004)). States, however, also have a broader sovereign immunity, beyond that addressed in the Eleventh Amendment, applying to all private suits—in state or federal court. *Beaulieu*, 807 F.3d at 483. This broader immunity is a "fundamental aspect" of state sovereignty that predates the Constitution and is not limited by the Eleventh Amendment. *Alden*, 527 U.S. at 713, 119 S. Ct. at 2246-47.

Specifically, the Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI. As a result, the Eleventh Amendment bars suits in federal court by private parties against a state absent express consent to suit or congressional abrogation of the state's otherwise presumed sovereign immunity. *Gollomp v. Spitzer,* 568 F.3d 355, 366 (2d Cir. 2009); *see Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 362, 121 S. Ct. 955, 962 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."). This same immunity from suit is extended to a state's agencies and departments understanding them to be arms of the state. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146, 113 S. Ct. 684, 688 (1993). A claim that is barred by Eleventh Amendment immunity is properly dismissed for a lack of subject matter jurisdiction. *Seminole Tribe of Fla.,* 517 U.S. at 54, 116 S. Ct. at 1121 ("For over a century [the Supreme Court has] reaffirmed that federal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'"); *see Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (citing *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 252, 131 S. Ct. 1632, 1637 (2011) (noting that "the Eleventh Amendment . . . confirm[s] the structural understanding that States

7

entered the Union with their sovereign immunity intact, unlimited by Article III's jurisdictional grant")).[4]

## C. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Nevertheless, a pleading "that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it

---

[4] The Court is mindful that the question of "whether the claim of sovereign immunity [under the Eleventh Amendment] constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense" has not been definitively answered by the Supreme Court or the Second Circuit. *Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013) (citing *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391, 118 S. Ct. 2047, 2053 (1998) (leaving open the question of whether "Eleventh Amendment immunity is a matter of subject-matter jurisdiction"); *Woods,* 466 F.3d at 237-39 (holding that the burden of proof regarding sovereign immunity rests on the party asserting it as is true of affirmative defenses generally)); *see Allco Finance Limited v. Roisman*, No. 22-2726, 2023 WL 4571965, at *1 (2d Cir. July 18, 2023) (citing *Carver* and declining to decide whether Eleventh Amendment immunity is an issue of jurisdiction or an affirmative defense). The Supreme Court, however, repeatedly and recently has discussed the Eleventh Amendment as a jurisdictional bar and has confirmed that a state's sovereign immunity conferred by it can be raised for the first time on appeal. *See Woods*, 466 F.3d at 237-38 (collecting cases). Both holdings are consistent with the issue being jurisdictional. *See id.* As the exact characterization of Eleventh Amendment immunity does not substantively impact this Court's Report and Recommendation that the Complaint be dismissed, the Court assumes it to be jurisdictional and does not analyze the issue further.

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009)).  "[T]hreadbare recitals of the elements of a cause of action," however, that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted); *see Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  "The court's consideration on a motion under Fed. R. Civ. P. 12(b)(6) is limited to the factual allegations in the complaint; documents incorporated by reference into the complaint; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit." *Messina v. Mazzeo*, 854 F. Supp. 116, 128 (E.D.N.Y. 1994) (citing *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)); *see Burton v. Am. Fed'n of Gov't Employees (AFGE) 1988*, No. 11-cv-1416, 2012 WL 3580399, at *5 (E.D.N.Y. Aug. 17, 2012).

### D. Fed. R. Civ. P. 15(a)

Pursuant to Fed. R. Civ. P. 15(a), courts have discretion to allow parties to amend their pleadings "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see*

9

*TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("Under Fed. R. Civ. P. Rule 15(a), leave to amend shall be freely given when justice so requires."); *Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave when justice so requires, and such leave is in the court's discretion.") (internal quotation omitted). Leave to amend should only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)).

### E. *Pro Se* Pleadings

It is well-established that pleadings by *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980); *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal citations omitted). Where an attorney is proceeding *pro se*, however, his pleadings are not entitled to the "special consideration which the courts customarily grant to *pro se* parties." *Bazadier v. McAlary*, 464 Fed. App'x 11, 12 (2d Cir. 2012) (internal quotation marks and citation omitted). Here, Plaintiffs are a law firm and an attorney respectively. *See* Compl. ¶¶ 6, 7. Accordingly, Plaintiffs' pleadings are not entitled to "special consideration" by reason of their *pro se* status. *Bazadier*, 464 Fed. App'x at 12.

## III. DISCUSSION

Defendant seeks dismissal of the Complaint in its entirety, arguing that: (1) Plaintiffs' claim is barred by the Eleventh Amendment, (2) Hayden is entitled to absolute judicial immunity and (3) Plaintiffs fail to state a claim on which relief can be granted. *See* Def. Mem. at 1-2. For the reasons set forth below, the Court concludes that Plaintiffs' claim is barred by the Eleventh Amendment and therefore respectfully recommends that Defendant's Motion pursuant to Rule 12(b)(1) be granted. Given that Hayden's actions are also shielded by judicial immunity, the Court further recommends that Defendant's Motion pursuant to Rule 12(b)(6) be granted on this basis as well. Further, the Court recommends that Plaintiffs be denied leave to amend and that the Complaint be dismissed with prejudice.

### A. **Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1)**

Initially, the Court turns to Defendant's argument that Plaintiffs' Section 1983 claim is barred by the Eleventh Amendment, and therefore, the Court lacks subject matter jurisdiction over this claim. *See* Def. Mem. at 5-7. The Court agrees and respectfully recommends that Defendant's Motion be granted on this basis.

A suit against a state official in his or her official capacity "is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993). Nonetheless, "the applicability of the Eleventh Amendment bar" in this context "depends on the form of relief sought." *JTE Enterprises, Inc. v. Cuomo*, 2 F. Supp. 3d 333, 340 (E.D.N.Y. 2014) (quoting *Lee v. Dep't of Child. & Fams.*, 939 F. Supp. 2d 160, 165 (D. Conn. 2013). Initially, a plaintiff cannot recover monetary

11

damages from a state officer sued in her official capacity. *See JTE Enterprises, Inc.*, 2 F. Supp. 3d at 340. "[J]udgments against state officers declaring that they violated federal law in the past" are also barred. *Puerto Rico Aqueduct and Sewer Auth.*, 506 U.S. at 146, 113 S. Ct. at 688. Under the doctrine of *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908), however, the Eleventh Amendment does not prohibit suits against state officers in their official capacity where the complaint: "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645, 122 S. Ct. 1753, 1760 (2002)).

Further, as set forth above, Eleventh Amendment immunity may be waived by the state or abrogated by Congress. *Gollomp,* 568 F.3d at 366. New York, however, "has not waived its Eleventh Amendment immunity to suit" with respect to Section 1983, nor did Congress abrogate the states' immunity in enacting that statute. *Royal Hall v. Agostino*, No. 19-CV-5929, 2020 WL 6746842, at *1 (E.D.N.Y. Nov. 17, 2020) (citing *Troutman v. Palisades Interstate Park Comm'n,* 557 F.2d 35, 38, 40 (2d Cir. 1977)). The Eleventh Amendment therefore prevents state officials sued in their official capacity from being sued in federal court under Section 1983, unless the suit seeks prospective injunctive relief. *See Willner v. Town of North Hempstead*, 977 F. Supp. 182, 193 (E.D.N.Y. Sept. 11, 1997) (citing *Quern v. Jordan,* 440 U.S. 332, 338, 99 S. Ct. 1139, 1144 (1979)).

12

Here, Defendant is an official of the Nassau County Court, which is an arm of the State of New York for the purposes of Eleventh Amendment sovereign immunity. *Haddock v. Nassau Cnty. Ct.*, No. 21-CV-2923, 2021 WL 5920035, at *1 (E.D.N.Y. Dec. 15, 2021); *see Gollomp*, 568 F.3d at 368 ("[T]he New York State Unified Court system is unquestionably an 'arm of the state,' and is entitled to Eleventh Amendment sovereign immunity.") (citation omitted). Further, Hayden is sued solely in her official capacity as the Civil Term Clerk of the District Court of Nassau County. *See generally* Compl. Plaintiffs' Complaint asserts a single claim pursuant to Section 1983, seeking monetary damages as well as a declaration that Defendant's acts in rejecting Plaintiffs' proposed filings "violated the Due Process Clause of the Fourteenth Amendment." *Id.* at 7.

To the extent Plaintiffs seek monetary damages from Hayden in her official capacity, such relief is barred by the Eleventh Amendment. *See JTE Enterprises, Inc.,* 2 F. Supp. 3d at 340. Plaintiffs further request a declaration that Hayden violated federal law in the past, which is also not permitted. *See e.g., Riley v. Cuomo*, No. 2:17-cv-01631, 2018 WL 1832929, at *6 (E.D.N.Y. Apr. 16, 2018) (dismissing claims against state official on Eleventh Amendment grounds where plaintiff sought only a declaration that defendant violated the law in the past). Moreover, the *Ex parte Young* exception does not apply because Plaintiffs do not allege an ongoing violation of federal law, nor do they seek prospective injunctive relief. *See In re Deposit Ins. Agency*, 482 F.3d at 618. Accordingly, the entirety of Plaintiffs' claim against Hayden is barred by Eleventh Amendment sovereign immunity. The Court

13

therefore respectfully recommends that Defendant's Motion pursuant to Rule 12(b)(1) be granted.

## B. Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)

Defendant further argues that Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) because: (1) Hayden is entitled to absolute judicial immunity[5] and (2) Plaintiffs fail to state a Section 1983 claim. *See* Def. Mem. at 7-13. The Court concludes that Defendant is entitled to absolute judicial immunity for the actions underlying the Complaint and does not consider Hayden's remaining 12(b)(6) arguments. Accordingly, the Court respectfully recommends that Defendant's Motion be granted on this alternative basis.

Judges are immune from liability for damages for acts committed within the scope of their jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S. Ct. 286, 288 (1991) (finding that judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities); *see Stump v. Sparkman*, 435 U.S. 349, 359, 98 S. Ct. 1099, 1106 (1978); *Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990). Claims seeking a declaration that past judicial conduct violated the law are also barred. *See Li v. Lorenzo,* 712 Fed. App'x 21, 23 (2d Cir. 2017). Judicial immunity may only be overcome if the defendant is alleged to have engaged in "nonjudicial actions" or actions "taken in the complete absence of all jurisdiction."

---

[5] The issue of judicial immunity is properly considered under rule 12(b)(6). *Rios v. Third Precinct Bay Shore,* No. 08-cv-4641, 2009 WL 2601303, at *1 (E.D.N.Y. Aug. 20, 2009) (citing *State Employees Bargaining Agent Coalition v. Rowland,* 494 F.3d 71, 77 n. 4 (2d Cir. 2007)).

*Mireles,* 502 U.S. at 11-12, 112 S. Ct. at 288. [6] Nevertheless, judicial immunity is not defeated by allegations of bad faith, malice or mistake.  *See id.*; *Stump*, 435 U.S. at 355, 98 S. Ct. at 1104.  Moreover, absolute judicial immunity "extends to court clerks who are performing tasks 'which are judicial in nature and an integral part of the judicial process.'"  *Nachmenson v. Gluck*, No. 22-CV-627, 2022 WL 1093220, at *2 (E.D.N.Y. Apr. 12, 2022) (quoting *Rodriquez v. Weprin,* 116 F.3d 62, 66 (2d Cir. 1997)).

Here, Plaintiffs allege that Hayden refused to accept certain pleadings for filing on the grounds that they were untimely or presented to the wrong court.  *See* Compl. ¶¶ 11, 13, 15.  These actions were "judicial in nature" and "part of the judicial process," such that Defendant is entitled to judicial immunity.  *Rodriquez,* 116 F.3d at 66 ("A court's inherent power to control its docket is part of its function . . . for which judges and their supporting staff are afforded absolute immunity."); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010), *aff'd*, 434 F. App'x 32 (2d Cir. 2011) ("[T]he Clerk's Office activities of filing and docketing legal documents are an integral part of the judicial process.") (internal quotation marks omitted); *see Royal Hall v. Agostino*, No. 19-CV-5929, 2020 WL 6746842, at *2 (E.D.N.Y. Nov. 17, 2020) (Clerk of the Appellate Division's failure to docket exhibits is entitled to judicial immunity); *Pikulin v. Gonzales*, No. 07-CV-0412, 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007) (claims based on filing of legal documents barred by judicial immunity).[7]

---

[6] Similar to Eleventh Amendment immunity discussed above, claims seeking prospective injunctive relief may not be barred by absolute judicial immunity.  *See Li,* 712 Fed. App'x at 23 (citing *Pulliam v. Allen*, 466 U.S. 522, 541-42, 104 S. Ct. 1970, 1981 (1984)).

[7] The authorities cited by Plaintiffs for the proposition that a clerk's failure to file documents commencing an action is not entitled to judicial immunity are either rooted in *dicta*, distinguishable from the present case, or not binding on this Court.  *See e.g., Le Grand v. Evan*, 702 F.2d 415, 418 (2d Cir. 1983) (declining to decide whether court clerks are entitled to absolute judicial immunity);

15

Further, Plaintiffs' allegation that Hayden's actions violated N.Y. Uniform Dist. Ct. Act § 400(1), Compl. ¶ 22, does not overcome absolute judicial immunity. *See Stump*, 435 U.S. at 355, 98 S. Ct. at 1104 (noting that judicial immunity is not overcome when the action was taken in error). Nor do Plaintiffs' conclusory assertions that Defendant acted in bad faith, *see* Compl. ¶¶ 16, 26, operate to save their claim. *See Mireles,* 502 U.S. at 11-12, 112 S. Ct. at 288. Moreover, Plaintiffs have not alleged facts demonstrating that Hayden acted "in complete absence of all jurisdiction." *Id.* Accordingly, the Court concludes that Hayden is entitled to absolute judicial immunity and respectfully recommends that Defendant's Motion pursuant to Rule 12(b)(6) be granted on this basis as well.

## C. <u>Leave to Amend</u>

Lastly, Plaintiffs seek leave to amend the Complaint in the event Defendant's Motion is granted. *See* Opp. at 17. As noted above, while the Court may grant leave to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), "a movant's failure to submit a proposed amended complaint constitutes sufficient grounds to a deny a motion to amend." *Rozenzweig v. ClaimFox, Inc.*, 251 F. Supp. 3d 449, 456 (E.D.N.Y. 2017) (quoting *Christian v. Town of Riga,* 649 F. Supp. 2d 84, 100 (W.D.N.Y. 2009)). Such failure, however, will not necessarily be fatal if "the movant's papers adequately explain the basis for, and the nature of, the proposed amendment." *Murray v. New*

---

*Gutierrez v. Vergari*, 499 F. Supp. 1040, 1047 (S.D.N.Y. 1980) (holding that clerks' participation in a conspiracy to alter trial transcripts and exhibits was not protected by judicial immunity); *Marty's Adult World of New Britain, Inc. v. Guida,* 453 F. Supp. 810, 817 (D. Conn. 1978) (clerks' failure to follow procedures for appeals of zoning board decisions was not a judicial function entitled to immunity).

16

*York,* 604 F. Supp. 2d 581, 588 (W.D.N.Y. 2009). Here, Plaintiffs did not submit a proposed amended complaint or otherwise indicate what additional factual allegations or causes of actions they wish to assert. As a result, Plaintiffs' cross-motion to amend should be denied. *See La Barbera v. Ferran Enterprises, Inc.,* No. 06-cv-2678, 2009 WL 367611, at *3 (E.D.N.Y. Feb. 10, 2009) (denying motion to amend where plaintiffs failed to submit proposed amended complaint or detail changes sought). Accordingly, the Court respectfully recommends denying Plaintiffs leave to amend the Complaint.

## IV.   CONCLUSION

For the reasons set forth below, the Court concludes that Plaintiffs' claim is barred by the Eleventh Amendment and therefore respectfully recommends that Defendant's Motion pursuant to Rule 12(b)(1) be granted. Given that Hayden's actions are also shielded by judicial immunity, the Court further recommends that Defendant's Motion pursuant to Rule 12(b)(6) be granted on this basis as well. Further, the Court recommends that Plaintiffs be denied leave to amend and that the Complaint be dismissed with prejudice.

## V.   OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver,* No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008);

*Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
           December 6, 2023

                                        <u>/s/ Steven I. Locke</u>
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge